UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR417-104 |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY GADDY | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on June 7, 2017, a federal grand jury sitting in the Southern District of Georgia returned a three-count Indictment against Defendant Larry Gaddy charging violations of 18 U.S.C. § 922(g)(1) (Counts One and Two – Possession of Ammunition by a Prohibited Person), and 21 U.S.C. § 841(a)(1) (Count Three – Possession with Intent to Distribute),

WHEREAS, the Indictment sought forfeiture pursuant to 21 U.S.C. § 853 of any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense charged in Count Three of the Indictment;

WHEREAS, the Indictment additionally sought forfeiture pursuant to 18 U.S.C § 924(d) and 28 U.S.C § 2461(c) of any firearms and ammunition involved in the commission of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, the Indictment further provided for the forfeiture of substitute assets pursuant to 21 U.S.C § 853(p) as incorporated by 28 U.S.C. § 2461(c) of any other property of Defendant up to the value of the property subject to forfeiture;

WHEREAS, on July 27, 2017, pursuant to a written plea agreement, Defendant pled guilty to Counts Two and Three of the Indictment charging violations of 18 U.S.C. § 922(g)(1), Possession of Ammunition by a Prohibited Person (Count Two), and 21 U.S.C. § 841(a), Possession with Intent to Distribute (Count Three);

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit to the United States all right, title and interest in any firearms and ammunition involved or used in the knowing commission of the offenses to which he has pled guilty; and

WHEREAS, pursuant to his plea agreement, Defendant further agreed to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.  Pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the property seized from the Defendant, specifically:

    a. Fifty-Nine (59) rounds of .223 caliber ammunition,

    b. Thirty-Nine (39) rounds of 30-30 caliber ammunition, and

    c. Four (4) rounds of assorted caliber ammunition

(collectively, the "Subject Property") and the offenses committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim,

this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

*(continued on the following page)*

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Marcela C. Mateo, United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: July 27, 2017

_____
WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

_____
Marcela C. Mateo
Assistant United States Attorney
Georgia Bar Number 397722
P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

Date: 7·27·17

_____
Larry Gaddy
Defendant

_____
Robert Lewallen, Jr., Esq.
Attorney for Defendant

Date: 7/27/17